UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES FOR THE INTERNAL
REVENUE SERVICE,

                            Appellant,

v.                                                        5:13-CV-1503
                                                            (GTS)

JEFFREY H. BENJAMIN,

                            Appellee.
_____

UNITED STATES FOR DEPARTMENT OF
VETERANS AFFAIRS,

                            Appellant,

v.                                                       5:13-CV-1502
                                                            (GTS)

JEFFREY H. BENJAMIN,

                            Appellee.
_____

APPEARANCES:                                            OF COUNSEL:

HON. ERIC H. HOLDER, JR.                      LAURA C. BECKERMAN, ESQ.
Attorney General of the United States            Trial Attorney
  Counsel for Appellant
United States Department of Justice–Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

HON. RICHARD S. HARTUNIAN                  WILLIAM F. LARKIN, ESQ.
U.S. Attorney for the Northern District of New York    Assistant United States Attorney
  Co-Counsel for Appellant
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

| | |
|---|---|
| SELBACH LAW FIRM, PLLC<br>  Counsel for Appellee<br>290 Elwood Davis Road, Suite 290<br>Liverpool, NY 13088 | JAMES F. SELBACH, ESQ. |
| OFFICE OF SUSAN N. ESCE<br>  Co-Counsel for Appellee<br>10 Adler Drive<br>East Syracuse, NY 13507 | SUSAN N. ESCE, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

The two above-captioned actions are bankruptcy appeals, filed by the United States, from a Decision and Order issued by United States Bankruptcy Judge Margaret Cangilos-Ruiz on September 18, 2013. For the reasons set forth below, the United States' appeals are denied, and Judge Cangilos-Ruiz's decision is affirmed.

## I. RELEVANT BACKGROUND

### A. Events Giving Rise to Current Dispute

Jeffrey H. Benjamin ("Debtor" or "Appellee") filed a voluntary petition for bankruptcy on April 10, 2013. The automatic stay protecting Debtor from creditors seeking to collect pre-petition debts was immediately imposed pursuant to 11 U.S.C. § 362(a).

Debtor alleges that, despite the automatic stay, on June 17, 2013, he received a notice from the Internal Revenue Services ("IRS") informing him that it had applied $1,497.88 of his 2012 tax refund to an outstanding 2008 tax liability (which liability is dischargeable in the pending bankruptcy case), noting a net "refund due" of $403.12. Moreover, Debtor alleges that, on June 3 and 7, 2013, he received a bill and notice from the Department of Veterans Affairs ("DVA"), informing him that it had applied the balance of his 2012 tax refund ($403.12) in partial payment of his pre-petition debt.

2

On July 10, 2013, Debtor filed motions pursuant to 11 U.S.C. § 362(k) seeking to vindicate his right to be free from the harassment of creditor demands, and preserve the integrity of the automatic stay.[1] In such a motion, a debtor may seek compensation for actual damages suffered in such an action. In his motions, Debtor sought "actual damages in the form of emotional distress" (because the IRS and DVA had denied him the right to be free of creditor collection "pressure," and the right to a "fresh start," guaranteed by the Bankruptcy Code), as well as "attorney's fees."[2]

On August 13 and 14, 2013, the IRS and DVA filed requests to strike or summarily deny Debtor's motions for lack of jurisdiction. In their requests, the IRS and DVA argued that, because Debtor seeks money damages in connection with the alleged violations of the stay, the relief Debtor seeks may be sought only through an adversary proceeding (which must be, but was not, initiated through the filing of a separate complaint).

On August 22, 2013, Bankruptcy Judge Cangilos-Ruiz held a hearing. At the hearing, Judge Ruiz orally overruled the Government's objections and denied the motions to strike. Approximately four weeks later, on September 18, 2013, Judge Ruiz issued a written decision explaining her ruling.

---

[1] In pertinent part, 11 U.S.C. § 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

[2] It is worth noting that the Bankruptcy Court for the Northern District of New York has sided with the Ninth Circuit in holding that "actual damages" under 11 U.S.C. § 362 includes emotional distress. *See In re Griffin*, 415 B.R. 64, 66-68 (Bankr. N.D.N.Y. 2009) (Davis, B.J.) (citing Ninth Circuit case); *In re Ficarra*, No. 00-62714 (Bankr. N.D.N.Y. Apr. 17, 2002) (Gerling, B.J.).

### B. Judge Cangilos-Ruiz's Decision

Generally, in her Memorandum-Decision and Order of September 18, 2013, Judge Ruiz reasoned as follows: (1) of course, there is a difference between an "adversary proceeding" (which is commenced by filing a *complaint* under Bankruptcy Rule 7003) and a "contested matter" (which may be commenced by filing a *motion* under Bankruptcy Rule 9014); (2) Bankruptcy Rule 7001 lists ten types of proceedings that *must* be commenced by adversary proceeding (and thus must be commenced by filing a complaint), one of which is "a proceeding to recover money or property . . . ."; (3) the United States agues that, because Debtor's request seeks money damages in connection with the alleged violations of the automatic stay, Debtor's request is "a proceeding to recover money or property" that must be, but has not been, commenced through the filing of a complaint; (4) however, a request to vindicate one's rights under 11 U.S.C. § 362(k) is not in the nature of "a proceeding to recover money or property" under Bankruptcy Rule 7001; (5) such an interpretation (which is shared by judges across this Circuit) permits the expeditious resolution of a matter that affects the fundamental purpose of the Bankruptcy Code–to give a debtor necessary breathing room to be free from the harassment of creditor demands while simultaneously preserving property of the estate intact for ultimate distribution to creditors; and (6) moreover, because Part VII of the Federal Rules of Bankruptcy Procedure incorporate (or adopt with modification) many of the Federal Rules of Civil Procedure, due process norms during litigation in bankruptcy court correspond to due process norms during litigation in district court (for example, service of a motion under Bankruptcy Rule 9014 must be made in the same manner as service of a complaint under Bankruptcy Rule 7004). (Action No. 13-CV-1503, Dkt. No. 1, Attach. 5.)

### C. Parties' Arguments on Appeal

#### 1. Appellant's Memorandum of Law in Chief

Generally, in its memorandum of law in chief, Appellant asserts six arguments. First, argues Appellant, Appellee's failure to bring his action for damages as an adversary proceeding deprives the Court of jurisdiction over Appellant. (Action No. 13-CV-1503, Dkt. No. 3, at 16-17 [attaching pages "10" and "11" of Appellant's Memo. of Law].)

Second, argues Appellant, numerous courts have found that actions for damages require an adversary proceeding, and many courts see no basis to except claims for damages under 11 U.S.C. § 362(k)(1). (*Id*. at 17-21 [attaching pages "11" through "15" of Appellant's Memo. of Law].)

Third, argues Appellant, the rationale underlying Judge Cangilos-Ruiz's decision is flawed and cannot justify ignoring Bankruptcy Rule 7001's plain language because (a) the Decision's insistence that damages are not a money recovery is untenable and at odds with the definition of "recover," (b) the Decision's finding ignores the commonality among all ten paragraphs of Bankruptcy Rule 7001, which underlie the common need for an adversary proceeding, (c) neither the goals of the automatic stay, its legislative history, nor the Second Circuit's decision in *Weber v. SEFCU* support an exception to the Bankruptcy Rule's plain Language, (d) the exceptions to Bankruptcy Rule 7001 do not support Judge Cangilos-Ruiz's construction of Bankruptcy Rule 7001, (e) comparing a debtor's claim to recover monetary damages to a creditor's motion to lift an automatic stay under Bankruptcy Rule 4001 is flawed in that it misses the point of why proceedings to recover money were included in Bankruptcy Rule 7001 (i.e., that proceedings covered by Bankruptcy Rule 7001 may be brought against third parties, whereas motions to lift the stay are against the debtor who filed the petition giving rise to

the stay), and (f) the ability to apply Part VII of the Federal Rules of Bankruptcy Procedure to motions (under certain circumstances) does not support creating another exception to the plain text of Rule 7001. (*Id*. at 21-35 [attaching pages "15" through "29" of Appellant's Memo. of Law].)

Fourth, argues Appellant, courts that allow actions for damages to be brought by motion rely primarily on a flawed understanding of the contempt doctrine, because (a) contempt is not available for a purely statutory violation, (b) sovereign immunity bars a contempt action against the United States for an alleged violation of 11 U.S.C. § 362(a), and (c) cases allowing motions for damages based on alleged violations of the discharge injunction under 11 U.S.C. § 524 are not applicable. (*Id*. at 35-41 [attaching pages "29" through "35" of Appellant's Memo. of Law].)

Fifth, argues Appellant, Judge Cangilos-Ruiz's conclusion that need for haste supports a practice of allowing damages claims to be brought by motion is based on faulty logic and without support, because (a) the decision conflates a motion to stop an ongoing violation of the stay with an action seeking damages for injuries already caused, creating an artificial need for haste as to the latter, (b) concern for urgency cannot override Bankruptcy Rule 7001, and (c) occasional urgency cannot justify overriding the rule in all cases. (*Id*. at 41-46 [attaching pages "35" through "40" of Appellant's Memo. of Law].)

Sixth, argues Appellant, because reversal may not be an adequate remedy, the Court should consider advising the Bankruptcy Court to summarily reject "motions" for damages under 11 U.S.C. § 362(k)(1), without prejudice to the filing of a proper adversary complaint. (*Id*. at 46-50 [attaching pages "40" through "44" of Appellant's Memo. of Law].)

6

## 2. Appellee's Opposition Memorandum of Law

Generally, in his opposition memorandum of law, Appellee asserts six arguments. First, argues Appellee, the Government's argument is based entirely on a fundamental misunderstanding of the primary intent and nature of 11 U.S.C. § 362(k)(1) as a compensation statute instead of a rights-enforcement statute. (Action No. 13-CV-1503, Dkt. No. 6, at 6-7 [attaching pages "1" and "2" of Appellee's Opp'n Memo. of Law].)

Second, argues Appellee, 11 U.S.C. § 362(k)(1) is a "fee shifting statute" in that mandates the award of attorney's fees in the event of a violation of an automatic stay that injures an individual (in order to incentivize private enforcement and encourage compliance with the law). (*Id*. at 7-10 [attaching pages "2" through "5" of Appellee's Opp'n Memo. of Law])

Third, argues Appellee, like every other fee-shifting statute, 11 U.S.C. § 362(k)'s primary purpose is not compensation but is to uphold the rights of debtors to be free from creditor harassment and to preserve the integrity of the automatic stay. (*Id*. at 10-12 [attaching pages "5" through "7" of Appellee's Opp'n Memo. of Law].)

Fourth, argues Appellee, both the Bankruptcy Code and the Second Circuit have described a monetary award under 11 U.S.C. § 362 not as compensation but as a "penalty" or "sanction." (*Id*. at 12 [attaching page "7" of Appellee's Opp'n Memo. of Law].)

Fifth, argues Appellee, if the internal systems of the Government somehow consider a Notice of Motion less serious than a Summons (and thus less likely to result in a response than a Summons), then those systems must be changed to comply with the Bankruptcy Code; it is not the obligation of the Bankruptcy Code to comply with the internal practices and procedures of the Internal Revenue Service. (*Id*. at 13 [attaching page "8" of Appellee's Opp'n Memo. of Law].)

Sixth, argues Appellee, the majority of courts have found that contested matters involving a wilful violation of the automatic stay must be made by motion. (*Id*. at 13 [attaching page "8" of Appellee's Opp'n Memo. of Law]; *see also* Dkt. No. 1, Attach. 15, at 2-6 [attaching pages "1" through "5" of Debtor's Brief].)

### 3. Appellant's Reply Memorandum of Law

Generally, in its reply memorandum of law in chief, Appellant asserts five arguments. First, Appellant argues, Judge Cangilos-Ruiz did not endorse the arguments upon which the Appellee relies, and the Appellee did not defend the rationale of Judge Cangilos-Ruiz against critiques of the United States. (Action No. 13-CV-1503, Dkt. No. 7, at 2 [attaching page "2" of Appellant's Reply Memo. of Law].)

Second, Appellant argues, there is no "majority" view: Appellee misreads relevant case law and fails to address the case law in support of Appellant's position, because (a) Appellee's underlying brief misreads the Central District of Illinois' opinion in *In re Dean*, and (b) Appellee's underlying brief inaccurately dismisses other cases that support the United States' position. (*Id*. at 2-8 [attaching pages "2" through "8" of Appellant's Reply Memo. of Law].)

Third, Appellant argues, Appellee's argument that 11 U.S.C. § 362(k)(1) is a fee-shifting statute is contrary to the plain language of the statute and applicable case law, because (a) 11 U.S.C. § 362(k)(1) is not simply a fee-shifting statute in that a debtor must show actual damages to maintain a claim, and (b) Appellee vastly overstates the legislative history of 11 U.S.C. § 362(k)(1), which does not show an intent on the part of Congress to create an exception to Bankruptcy Rule 7001(1). (*Id*. at 8-13 [attaching pages "8" through "13" of Appellant's Reply Memo. of Law].)

Fourth, Appellant argues, Appellee's characterization of 11 U.S.C. § 362(k)(1) as a penalty statute that imposes sanctions is inaccurate, because (a) when brought against the United States, a claim under the statute must have a compensatory purpose, rather than a penal purpose, (b) Appellee's reference to sanctions implicates the contempt doctrine, which Appellant has shown does not apply under the circumstances, and (c) Appellee's reliance on 11 U.S.C. § 342(g)(2) (to establish that 11 U.S.C. § 362[k] is a rights-enforcement statute rather than a compensation statute) is misplaced in that 11 U.S.C. § 342(g)(2) seems to refer only to the notice required for an award of punitive damages, not an award of all damages. (*Id*. at 13-14 [attaching pages "13" and "14" of Appellant's Reply Memo. of Law].)

Fifth, Appellant argues, Appellee mischaracterizes the IRS's interest in being properly served, because, rather than arguing that it considers a Notice of Motion "less serious" than a summons and complaint and that it has an internal operating procedure designed to ignore motions, what Appellant was actually arguing was that (a) several features of a motion (i.e., its typical caption, its typical title, and the unit to which they are mailed) make oversights or internally misdirected documents more likely with respect to a motion than with respect to a complaint, and (b) it is "unprecedented [throughout the history of this country] to hold a person liable to pay out money for defaulting in response to a mere motion crafted by a private party and mailed to that person without any court-issued [summons or order]." (*Id*. at 14-15 [attaching pages "14" and "15" of Appellant's Reply Memo. of Law].)

### 4. Oral Argument

Oral argument in this action occurred on May 28, 2014. Generally, at the oral argument, counsel for the parties elaborated on, and answered questions regarding, the arguments asserted in their memoranda of law. (*See generally* Oral Argument Tr. 2-20.)

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> [o]n an appeal, the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013. Thus, the district court must uphold the factual findings of a bankruptcy court unless they are clearly erroneous. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.). A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d

Cir. 1999) (citation omitted).

The bankruptcy court's legal conclusions, however, are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n. 11 [2d Cir. 2009]).

### III. ANALYSIS

After carefully reviewing Judge Cangilos-Ruiz's Decision and Order of September 18, 2013, the Court can find no error whatsoever in her legal conclusions, nor can the Court find any error (clear or otherwise) in her factual findings. As a result, the Court denies Appellant's appeal, and affirms Judge Cangilos-Ruiz's Decision and Order for the reasons stated therein, and the reasons stated in Appellee's opposition memorandum of law. *See, supra,* Parts I.A. and I.B.2. of this Decision and Order. The Court would only add the following four points.

First, it appears that there are three district court cases from within the Second Circuit holding that the proceeding at issue in this appeal is not a proceeding to recover money or property. *See In re: Nassoko*, 405 B.R. 515, 526-27 (Bankr. S.D.N.Y. 2009) ("[I]t is unnecessary to proceed by way of adversary proceeding when requesting sanctions accompanied by damages for violation of the automatic stay under § 362 of the Bankruptcy Code."); *In re: Hooker Inv. Inc.*, 116 B.R. 375, 378 (Bankr. S.D.N.Y. 1990) (holding that the imposition of

11

sanctions for violation of automatic stay may be sought by motion rather than complaint), *accord*, *In re: Texaco, Inc.*, 182 B.R. 937, 945 (Bankr. S.D.N.Y. 1995). The sole contrary case was issued before 11 U.S.C. § 362(k) (formerly 11 U.S.C. § 362[h]) was enacted in 1984. *See In re: Nat'l Sugar Refining Co.*, 23 B.R. 726, 728 (Bankr. S.D.N.Y. 1982) (finding that an adversary proceeding is "clearly appropriate" when the plaintiff seeks recovery of monetary damages).[3]

Second, it appears that the circuit courts that have addressed the issue have similarly held that the request at issue in this appeal is not a proceeding to recover money or property. *See In re Zumbrun,* 88 Bankr. 250, 252 (9th Cir. B.A.P. 1998) (rejecting argument that a request for sanctions pursuant to 11 U.S.C. § 362[h] must be brought as an adversary proceeding in which a summons and complaint is filed and served). Other circuit courts–including the Second Circuit–have implicitly recognized that the request at issue in this appeal is not a proceeding to recover money or property. *See, e.g., Fidelity Mortg. Investors v. Camelia Builders Inc.*, 550 F.2d 47, 50 (2d Cir. 1976) (affirming district court's granting of a motion for sanctions for violating the automatic stay, even though prior to the enactment of 11 U.S.C. § 362[h]); *In re Meadows,* 396 B.R. 485, 498 (6th Cir. B.A.P. 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion . . . ."); *Budget Serv. Co. v. Better Homes of Va.*, 804

---

[3]     In addition to relying on the 18 district court cases from outside the Second Circuit cited by Debtor on pages 1 through 3 of his underlying brief (Dkt. No. 1, Attach. 15), the Court relies on the following seven district court cases from outside the Second Circuit: *In re Ballard*, 502 B.R. 311, 313, 318 & n.1 (Bkrtcy. S.D. Ohio 2013); *Johnson v. RJM Acquisitions, LLC*, 11-CV-0601, 2012 WL 930386, at *5 & n.7 (S.D.Ill. March 19, 2012); *In re Longoria*, 400 B.R. 543, 549, n.4 (Bkrtc. W.D. Tex. 2009); *In re Hildreth*, 362 B.R. 523, 526 (Bkrtcy. M.D. Ala. 2007); *In re Cain*, 272 B.R. 304, 305 (Bkrtcy. D. Wyo. 2001); *cf. Patton v. Shade*, 263 B.R. 861, 865 (C.D. Ill. 2001); *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 478 (E.D. Tex. 1993).

F.2d 289, 291-92 (4th Cir.1986) (affirming district court's granting of a motion for sanctions for violating the automatic stay).

Third, the Court rejects Appellant's lack-of-personal-jurisdiction argument because, as Appellee argued in his underlying brief and during oral argument in this proceeding on May 28, 2014, in a contested matter, a notice of hearing is treated as a summons and the motion is treated as a complaint. *See In re Kalikow*, 602 F.3d 82, 92 (2d Cir. 2010) ("In a contested matter, the notice of hearing is treated as a summons and the motion is treated as a complaint."), *accord, In re Great Atl. & Pac. Tea Co., Inc.,* 11-CV-1338, 2011 WL 5546954, at *9 (S.D.N.Y. Nov. 14, 2011); *see also In re Sustaita*, 438 B.R. 198, 208 (9th Cir. B.A.P. 2010); *Jacobo v. BAC Home Loans Servicing, LP*, 477 B.R. 533, 538, n.6 (D. N.J. 2012); *In re Parker*, 392 B.R. 490, 496 (Bkrtcy. D. Utah 2008); *In re Miller*, 188 B.R. 1021, 1024 (Bkrtcy. S.D. Fla. 1995). (Dkt. No. 1, Attach. 15, at 7 [attaching page "6" of Debtor's Brief]; Oral Argument Tr. at 19.) Appellant attempts unsuccessfully to distinguish *In re Kalikow* (and the accompanying cases) on the ground that the action sought to enforce a pre-existing order of the Bankruptcy Court.

Fourth and finally, while the Court is reluctant (in the face of rather persuasive, if not binding, legal authority) to engage in the sort of policy-driven analysis heavily relied on by Appellant, the Court cannot help but note the following four facts: (a) Appellant appears to minimize the fact that a process exists by which it can move to vacate a money judgment issued by default, which motions are "usually" granted (*see, e.g.,* Oral Argument Tr. at 6); (b) any adverse effect of the Court's ruling on non-government rule violators, which are generally smaller entities, would appear to be less than the effect on the Government; (c) contrary to Appellant's argument that the United States was a "stranger" to the underlying Chapter 7

13

bankruptcy proceeding, the United States was listed as a creditor, and was properly served, in that proceeding (*see, e.g.,* Oral Argument Tr. at 3, 4, 10, 14-15); and (d) it would appear to be more efficient (and fair) for the Government to internalize the cost of properly responding to notices of motions (and/or assigning counsel to Chapter 7 bankruptcy proceedings in which the United States is listed as a creditor) rather than shifting the cost of its noncompliance to debtors who are attempting to pursue a fresh start through bankruptcy proceedings.

**ACCORDINGLY,** it is

**ORDERED** that the United States' appeals in both of the above-captioned proceedings are **DENIED**; and it is further

**ORDERED** that United States Bankruptcy Judge Margaret Cangilos-Ruiz's Decision and Order of September 18, 2013, is **AFFIRMED**.

Dated: June 17, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge